UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KAREN A. BLAKELY,

    Plaintiff,

    v.                                     Case No. 2:24-CV-00365-GSL-AZ

UNION TOWNSHIP SCHOOL
CORPORATION,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Objections to Magistrate Judge's Order Pursuant to Federal Rule of Civil Procedure 72(a) [DE 59] and on Plaintiff's Motion for Status Conference to Clarify Scheduling Order and Memorandum in Support of Rule 72(a) [DE 61] filed by Plaintiff, Karen A. Blakely on April 20, 2026 and April 27, 2026. For the reasons set forth below, Plaintiff's Objection to Magistrate Judge's Order [DE 59] is **OVERRULED**, and Plaintiff's Motion for Status Conference [DE 61] is **DENIED**.

*Background*

Plaintiff, proceeding *pro se*, initiated this lawsuit on October 15, 2024, alleging violations of the Americans with Disabilities Act and the Age Discrimination in Employment Act. [DE 1]. Specifically, she alleges that she was fired by Defendant, Union Township School Corporation, because of her age and disability status, and in retaliation for exercising her right to reasonable accommodation for her disabilities. *See generally* [*Id*.].

The court held a Rule 16 Scheduling Conference where discovery deadlines were set. [DE 14]. The deadline to complete all discovery was set for December 1, 2025. [*Id*.]. One week prior to the deadline, on November 24, 2025, Plaintiff filed a motion requesting that the court extend

the discovery deadline. [DE 28]. In the motion, drafted by her former attorney, Plaintiff indicated that Defendant agreed to extend the discovery deadline for an additional 90 days. [*Id*. at 2]. Also included in that motion was Plaintiff's attorney's request to withdraw from representing her. [*Id*. at 1-2].

A hearing was held on December 15, 2025, before Magistrate Judge Abizer Zanzi. [DE 32]. Judge Zanzi granted the attorney's request to withdraw which left Plaintiff *pro se*. [*Id*.]. During the hearing, Plaintiff explained that she wanted to pursue more discovery, as she believed that she had not been tendered full and complete discovery. [*Id*.]; [DE 56 at 2]. Judge Zanzi took Plaintiff's request under advisement and asked that she file a notice "describ[ing] with specificity what additional discovery she was seeking and explain[ing] why … each item of discovery is relevant to her claims [of age and disability discrimination]." [DE 56 at 2].

Plaintiff timely filed her Notice which included an 88-page exhibit and USB manual filing containing videos and documents. [DE 39-40]. Defendant responded objecting, though originally agreeing, to the extension of the discovery deadline arguing that Plaintiff was seeking to issue improper subpoenas and an extension of the deadline would not remedy their defective nature. *See generally* [DE 48].

Judge Zanzi ultimately denied Plaintiff's request to extend the discovery deadline reasoning, in pertinent part, as follows:

> Plaintiff contends Defendant's document production contains missing information …[but] has provided no credible basis to dispute Defendant's explanation of the videos other than her own perceived recollection and speculation.
> ***
> [] Plaintiff seeks to secure what she believes is missing discovery through subpoenas for interrogatories, written statements and records directed at several non-parties … Plaintiffs litigating pro se are typically given some leeway and grace in navigating the legal process, particularly the vagaries and complications of discovery.

2

But that flexibility does not require or permit a disregard of the Federal Rules of Civil Procedure. Here, even giving Plaintiff every reasonable favorable inference and benefit of the doubt, she has not explained how any of the information would be possibly relevant to her claims of age and disability-based employment discrimination and retaliation other than a speculative belief that she might find evidence that supports her arguments of pretext. The proposed subpoenas to non-parties for written statements and interrogatories are not permitted by Rule 45. She can only seek their deposition testimony and records.

***

In short, Plaintiff has not offered good cause to extend or reopen discovery in at this stage in the case. On the contrary, it seems clear that Plaintiff is unhappy that the discovery obtained through her attorney does not show what she hoped it would and she wants to bring non-parties into this case as a last ditch effort to find some more favorable evidence. Plaintiff's attempts to reopen discovery appear to be a tactic to recharacterize unfavorable evidence.

[DE 56 at 2-4] (internal citations omitted).

Plaintiff has now filed the instant motion pursuant to Federal Rule of Civil Procedure 72(a) arguing that Judge Zanzi's denial of her request to extend the discovery deadline was clearly erroneous and contrary to law because he "misapplie[d] Federal Rules of Civil Procedure 16 and 26, improperly resolve[d] factual and credibility issues at the discovery stage, fail[ed] to consider Plaintiff's compliance with Court Directives, and reflect[ed] procedural irregularities that deprived Plaintiff of a fair opportunity to conduct discovery." [DE 59 at 1-2]. Defendant responded [DE 63] in opposition on May 4, 2026, and Plaintiff replied [DE 66] on May 20, 2026.

### *Legal Standard*

Federal Rule of Civil Procedure 72(a) provides that a party may object to a magistrate judge's rulings on non-dispositive matters and that the presiding district court judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been

3

made." *Axis Ins. v. Am. Specialty Ins. & Risk Servs., Inc.*, 340 F.R.D. 570, 572 (N.D. Ind. 2021) (*quoting Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)).

### *Discussion*

Plaintiff raises several arguments as to why Judge Zanzi's order, denying her request for an extension of the discovery deadline, is clearly erroneous or contrary to law. First, she claims that he improperly applied the Rule 16 "good cause" standard because she "complied with the [c]ourt's directive to file a notice demonstrating good cause and relevance and submitted proposed subpoenas." [DE 59 at 3]. Next, she claims that Judge Zanzi required her to provide "credible, reliable, and non-speculative proof before permitting discovery, thereby imposing a burden inconsistent with Rule 26 … [and] impl[ying] an improper legal standard … contrary to law under Rule 72(a)." [*Id*.]. Plaintiff also claims that Judge Zanzi's order improperly resolved factual disputes, failed to consider submitted evidence supporting the relevance of each proposed subpoena, misapplied Rule 45, and improperly characterized Plaintiff's conduct. [*Id*. at 3-5].

Federal Rule of Civil Procedure 16(b)(4) permits the modification of a discovery schedule "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Plaintiff's arguments miss the mark. Rule 16(b)(4) permits an extension of discovery deadlines when good cause is shown. Judge Zanzi permitted Plaintiff to file a Notice explaining the additional discovery she wished to engage in and the relevance of it. As described above, her Notice stated that information and emails were missing from Defendant's document production and that the surveillance videos were incomplete or not accurate. [DE 56 at 2-3]. Therefore, she claimed that an extension of the deadline was warranted so that she could obtain the information

through subpoenas for interrogatories, written statements and records directed at several non-parties. [*Id*.]. Plaintiff's argument that she complied with Rule 16 because she complied with the court's "directive" by providing the court with the ordered Notice does not automatically satisfy the "good cause" standard. Plaintiff was still required to explain what additional discovery was needed and how it was relevant to her claims for age and disability discrimination, and she did not do so. Rather, she "contend[ed] Defendant's document production contain[ed] missing information … [but] provided no credible basis to dispute Defendant's explanation of the videos …", "claimed she [wa]s missing emails … but she ha[d] not described in any useful way what emails she believe[d] [we]re missing and how they m[ight] be relevant to her claims other than a bare assertion that they [we]re her personal property[]", and she "s[ought] to secure … [the] missing discovery through subpoenas for interrogatories, written statements and records directed at several non-parties … [which] is not permitted by Rule 45[] [as] [s]he can only seek their deposition testimony and records." [*Id*. at 3-4]. Based on this, Judge Zanzi properly applied Rule 16 when he found that she failed to provide good cause for extending the discovery deadline.

As to her other arguments, there is nothing in the record to suggest that Judge Zanzi resolved factual disputes, and even if he did, that's irrelevant for purposes of determining whether a discovery deadline should be extended. Additionally, any evidence attached to the proposed subpoenas, and whether Judge Zanzi properly "considered" it is also not relevant because Plaintiff's proposed subpoenas requested non-parties to furnish information via impermissible means under Federal Rule of Civil Procedure 45(a). For these reasons, the Court finds that Judge Zanzi's decision to deny Plaintiff's request to extend the discovery deadline was neither erroneous nor contrary to law. Therefore, Plaintiff's Objection [DE 29] is **OVERRULED**.

Finally, Plaintiff requests a status conference to clarify the scheduling order. [DE 61]. As it stands now, all deadlines contained in the scheduling order have passed, and a status conference to clarify them is not necessary. On April 17, 2026, discovery in this case closed. [DE 56-57].  As a result, the Court set a dispositive motions deadline for June 22, 2026. [DE 58].  Due to Plaintiff's objection to Judge Zanzi's order denying her request to extend the discovery deadline, the Court vacated the dispositive motion deadline to be reset after the objection was ruled on. [DE 62]. As shown above, the Court has decided Plaintiff's Objection [DE 59].  By overruling her objection, the Court affirms Judge Zanzi's order that discovery in this case has closed.  Therefore, the Court now sets **July 20, 2026** as the deadline for the Parties to file dispositive motions.

### *Conclusion*

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection to Magistrate Judge's Order [DE 59] and **DENIES** Plaintiff's Motion for Status Conference [DE 61].  The deadline to file dispositive motions is **July 20, 2026**.

SO ORDERED.

ENTERED: May 26, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

6